# EXHIBIT C

//0v0

1  Julia W. Brand, Esq. (SBN: 121760)
       jbrand@linerlaw.com
2  Enid M. Colson, Esq. (SBN: 189912)
       ecolson@linerlaw.com
3  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
4  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
5  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
6
   Proposed Counsel for Debtors and Debtors in Possession
7

8              UNITED STATES BANKRUPTCY COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11
   In re:                                  )
12                                         )
   STEAKHOUSE PARTNERS INC., a Delaware    )    Case No. 08-04147-11
13 corporation,                            )
                                           )    Chapter 11
14            Debtor.                       )
                                           )    Honorable James W. Meyers
15                                         )
                                           )    [Jointly administered with Case Nos.: 08-04152-11
16                                         )    and 08-04153-11
                                           )
17                                         )    **APPLICATION OF DEBTORS AND DEBTORS IN
                                           )    POSSESSION TO EMPLOY LINER
18                                         )    YANKELEVITZ SUNSHINE & REGENSTREIF
                                           )    LLP AS BANKRUPTCY COUNSEL;
19                                         )    DECLARATION OF JULIA W. BRAND**
                                           )
20                                         )    [No Hearing Required]
                                           )
21 ☒ Affects All Debtors                   )
                                           )
22 ☐ Steakhouse Partners, Inc.,            )
                                           )
23 ☐ Paragon Steakhouse Restaurants, Inc.  )
                                           )
24 ☐ Paragon of Michigan, Inc.             )
                                           )
25

26

27

28
                                                   Case No.  08-04147-11
   APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
                          REGENSTREIF LLP AS  BANKRUPTCY COUNSEL
   0078506/001/ 392778v02

1  TO THE HONORABLE JAMES W. MEYERS UNITED STATES BANKRUPTCY JUDGE AND THE UNITED

2  STATES TRUSTEE:

3        Steakhouse Partners, Inc., Paragon Steakhouse Restaurants, Inc., and Paragon of Michigan, Inc.,

4  debtors and debtors in possession in the above referenced case, ("Applicants" or the "Debtors"), hereby file

5  this application to employ LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP (the "Firm") as their

6  bankruptcy counsel for the Debtors on the terms and conditions described below.  In support of this

7  Application (the "Application"), the Debtors respectfully allege as follows:

8

9                                         **BACKGROUND**

10        On May 15, 2008 the Debtors filed emergency Voluntary Petitions for relief under Chapter 11 of Title

11  11 of the United States Code (the "Bankruptcy Code").

12        The Debtors are managing their affairs as debtors in possession.   Applicants propose to employ

13  LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP (the "Firm"), as bankruptcy counsel at the expense

14  of the estates.

15        The Debtors desire to retain the Firm because of its particular expertise in the areas of insolvency,

16  business reorganization, and other debtors/creditor matters.  The Firm has extensive experience in

17  representing debtors, trustees, individual creditors, committees, asset purchasers, and investors in both in

18  and out of court restructurings.  The Firm has significant experience in liquidating cases and cases involving

19  the sale of substantially all of the assets of the estate.  The Firm's depth of experience in bankruptcy cases

20  makes it uniquely qualified to represent Debtors.  Therefore, the Firm's retention is in the Debtors' best

21  interests.

22        The Firm is composed of attorneys who specialize in litigation, bankruptcy, transactional, corporate,

23  real-estate and securities related matters and is well qualified to represent the Debtors.  All attorneys

24  associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of

25  the State of California and in the United States District Court for the Southern District of California.  Attached

26  hereto as Exhibit "A" is a copy of the resumes of the lawyers at the Firm currently expected to work on these

27  cases.  Information on other attorneys in the Firm, and the Firm in general, can be found at the Firm's website,

28  www.linerlaw.com.

1       5.      Applicants have jointly paid to the Firm $100,000.00 as a pre-petition retainer. The filing fees

2 were included in the pre-petition retainer. As of the filing of the Chapter 11 cases, the Firm incurred the sum

3 of $42,013.00 for pre-petition services. After payment of the filing fees, the balance of funds in the amount of

4 $54,870.00 (the "Retainer") has been deposited into a segregated account to be applied against fees and

5 costs expended in connection with the Firm's proposed employment as Debtors' counsel. The terms and

6 scope of the Firm's employment is set forth more fully below.

7                           **TERMS OF EMPLOYMENT**

8       The Firm received the sum of $100,000.00 as a retainer for legal services to be rendered in

9 contemplation of and in connection with the filing of these cases. The prepetition retainer of $100,000 was

10 received jointly from the three Debtors. In accordance with their ordinary course accounting procedures, the

11 obligations of each individual Debtor are accounted for through intercompany receivables / payables accounts

12 which are reconciled monthly. As such, payment of the retainer will be allocated among the three Debtors.

13 Prior to the filing, the Firm incurred the sum of $42,013.00 for pre-petition services. After payment of the filing

14 fees, the balance of funds in the amount of $54,870.00 (the "Retainer") has been placed in a segregated trust

15 account on behalf of the Debtors to be applied against fees and costs expended in connection with the Firm's

16 proposed employment as Debtors' counsel.

17       This Court may authorize a fee payment and application procedure whereby professionals who are

18 employed, may be paid each month without prior court approval of the billing statements as authorized in

19 United States Trustee v. Knudsen Corp. (In re Knudsen) 84 B.R. 668 (9th Cir. B.A.P. 1988). The Firm will file a

20 Motion for Interim Compensation pursuant to Appendix D5 of the Local Rules for the United States

21 Bankruptcy Court for the Southern District of California. Attached hereto as Exhibit "B" is a true and correct

22 copy of the Engagement Letter by which the Firm was retained to represent Applicants in their Chapter 11

23 cases.

24       The Firm has agreed to accept as compensation for its services such additional sums as may be

25 allowed by this Court, based upon time spent and services rendered, results achieved, difficulties

26 encountered, and other appropriate factors. Attached hereto as Exhibit "C" is a listing of the current hourly

27 rates charged by each attorney and paraprofessional employed by the Firm who will most likely be rendering

28 services in these cases.

1  As stated in the Declaration of Julia W. Brand (the "Brand Declaration"), the Debtors have obtained

2  joint administration of their cases pursuant to which counsel and other professionals seeking employment

3  shall be authorized to represent all of the Debtors. The Firm believes that the Debtors' estates should be

4  deemed jointly and severally liable for payments of the Firm's professional fees and disbursements of costs

5  subject to review and the apportionment of billing should the need arise).

6  Subject to the requested interim compensation procedure described above, no further compensation

7  will be paid by the Debtor to the Firm, except upon application under Section 330 to, and approval by, the

8  Bankruptcy Court after notice and a hearing.

9  Pursuant to Local Bankruptcy Rules 2014-1 and 9034-1 and the Guidelines for Fulfilling the

10  Requirements of the United States Trustee, this Application has been submitted to the Office of the United

11  States Trustee, along with a proposed order and a proof of service for its review and to obtain a "Statement of

12  Position." That Statement of Position is attached as Exhibit "E". A copy of the proposed order is attached as

13  Exhibit "D".

14

15  **SCOPE OF EMPLOYMENT**

16  The Debtors require bankruptcy counsel in order to render the following illustrative types of

17  professional services within the context of their pending Chapter 11 cases:

18  a.    To advise Debtors regarding their rights and responsibilities as Chapter 11 debtors and

19  debtors in possession, specifically including the requirements of the United States Bankruptcy Code, the

20  Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and how the application of such

21  provisions relate to the administration of Debtors' estates;

22  b.    To advise and to assist Debtors in connection with the preparation of certain documents to be

23  filed with the Bankruptcy Court and/or the Office of the United States Trustee.

24  c.    To represent Debtors, with respect to bankruptcy issues, in the context of their pending

25  Chapter 11 cases and to represent Debtors in contested matters as would affect the administration of the

26  Debtors' cases, except to the extent that any such proceeding requires expertise in areas of law outside of the

27  Firm's expertise;

28

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0078506/001/392778v02

1      d.     To advise, to assist and to represent Debtors in the negotiation and orderly liquidation of their

2  assets; and

3      e.     To render services for the purpose of pursuing, litigating and/or settling litigation as may be

4  necessary and appropriate in connection with these cases.

5      The members of the Firm are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy

6  Procedure and the Local Bankruptcy Rules, and shall comply with them.  The Firm understands the provisions

7  of Section 328, 329, 330 of the Bankruptcy Code and Bankruptcy Rule 2016, which require, among other

8  things, Court approval of employment of professionals, and Court authorization of any fees and costs that the

9  Firm will receive from the Debtors, after notice and hearing, as required under Rule 2002 of the Federal Rules

10  of Bankruptcy Procedure.

11

12                  **THE FIRM IS DISINTERESTED**

13      To the best of The Debtors' knowledge and as set forth in the annexed Brand Declaration, the Firm is

14  a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not

15  hold any interest adverse to the estates.  As stated in the Brand Declaration, Applicants have obtained joint

16  administration of their cases whereby counsel are authorized to keep non-allocated time records, for fee

17
  purposes, to the extent appropriate, subject to review and the apportionment of bills should the need arise.
18
19  Moreover, because the legal services required by each Debtor are interconnected and joint representation

20  limits the expense to the estates of conducting these cases, the Debtors do not believe that the Firm holds

21  any interest adverse to any of the estates or that such concurrent representation of the Debtors will in any way

22  impair the Firm's independence or ability to objectively perform the required services for each of the Debtors.

23      The Debtors believe that neither the Firm nor any member employed by the Firm has any connection

24  with Debtors, any insider of the Debtors or any other related entities in which the Debtors may have an

25  interest, their creditors, or any party in interest in this case, or their respective attorneys or accountants.  As

26  disclosed in the Brand Declaration, Julia Brand represented Steakhouse Investors, LLC in the Debtors' prior

27  bankruptcy case.  In that case, Steakhouse Investors LLC made a debtor in possession loan to the Debtors

28  and received stock in debtor Steakhouse Partners, Inc., pursuant to the Plan or Reorganization in the prior

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0078506/001/ 392778v02

1  bankruptcy case. The Debtors do not believe that Ms. Brand's involvement in the Debtors' prior bankruptcy

2  will compromise her ability to remain disinterested with respect to the duties to be performed. Except as

3  disclosed herein, the Debtors are informed and believe that the Firm has not in the past represented any

4  related debtors, except as disclosed herein. The Debtors are informed and believe that the Firm has

5  conducted an extensive conflict check within the Firm's database and thus far the Firm has not encountered

6  any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. If, at any

7  subsequent time during the course of this proceeding, the Firm learns of any other representation which may

8  give rise to a conflict, the Firm will promptly file with the Court and the Office of the United States Trustee an

9  amended declaration identifying and specifying such involvement.

10        The Firm is not a creditor, an equity security holder or an insider of the Debtors. The Firm is not and

11  was not within two (2) years before the date of the filing of the petition, a director, officer or an employee of the

12  Debtors and does not have any interest materially adverse to the interest of the estate or any of the class of

13  creditors or equity security holders by reason of any direct or indirect relationship to, connection, with, or

14  interest in, the Debtors for any other reason.

15        The Firm does not have any pre petition claims against the Debtors. The Firm has not received, and

16  has no present plans to receive, any lien or other interest in property of the Debtors or of a third party to

17  secure payment of the Firm's fees.

18        WHEREFORE, the Debtors request that this Court authorize the employment of Liner Yankelevitz

19  Sunshine & Regenstreif LLP, at the expense of the estates, as bankruptcy counsel for the Debtors and

20  Debtors in Possession effective as of May 15, 2008.

21

22  Dated: May 31, 2008                 Steakhouse Partners, Inc.,
                                        Paragon Steakhouse Restaurants, Paragon of Michigan, Inc.
23
                                        By:
24
25                                      Susan Schulze-Claasen
                                        President of Paragon Steakhouse Restaurants,
26                                      Inc., a Delaware corporation, & Vice President
                                        of Steakhouse Partners, Inc., a Delaware
                                        corporation
27

28

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

Respectfully submitted,

LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP

/s/     Enid M. Colson
          Enid M. Colson

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0078506/001/ 392778v02

## DECLARATION OF JULIA W. BRAND

I, Julia W. Brand, declare as follows:

1.      I am a member, in good standing, of the bar of the State of California, and I am admitted to practice before, among other courts, the United States District Court for the Southern District of California. I am a partner of Liner Yankelevitz Sunshine & Regenstreif LLP (the "Firm"), proposed attorneys for the above referenced debtors in their chapter 11 cases. I have personal knowledge of the matters set forth below and, if called to testify, I would and could competently testify thereto.

2.      This Declaration is made pursuant to 11 U.S.C. § 327 and Local Bankruptcy Rule 2014-1. I am personally familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and all members of the Firm intend in all respects to comply with same.

3.      I am informed and believe that the Debtors desire to retain the Firm because of its particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. The Firm has extensive experience in representing debtors, trustees, individual creditors, committees, asset purchasers, and investors in both in and out of court restructurings. The Firm has significant experience in liquidating cases and cases involving the sale of substantially all of the assets of the estate. The Firm's depth of experience in bankruptcy cases makes it uniquely qualified to represent the Debtors. Therefore, the Firm's retention is in the Debtors' best interests.

4.      A copy of the resume of the lawyers at the Firm' currently expected to work on this matter are attached hereto as Exhibit "A". Information on other attorneys in the Firm, and the Firm in general, can be found at the Firm's website www.linerlaw.com.

5.      The Debtors have paid to the Firm $100,000.00 as a pre-petition retainer. The filing fees were included in the pre-petition retainer. As of the filing of the Petitions, the Firm incurred the sum of $42,013.00 for pre-petition services. After payment of the filing fees, the balance of funds in the amount of $54,870.00 (the "Retainer") has been deposited into a segregated account to be applied against fees and costs expended in connection with the Firm's proposed employment as their counsel. The Firm will file a Motion for Interim Compensation pursuant to Appendix D5 of the Local Rules for the United States Bankruptcy Court for the

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0078506/001/ 392778v02

1  Southern District of California. Attached hereto as Exhibit "B" is a true and correct copy of the Engagement

2  Letter by which the Firm was retained to represent the Debtors in their Chapter 11 cases.

3       6.    The Firm has agreed to accept as compensation for its services such additional sums as may

4  be allowed by this Court, based upon time spent and services rendered, results achieved, difficulties

5  encountered, and other appropriate factors. Attached hereto as Exhibit "C" is a listing of the current hourly

6  rates charged by each attorney and paraprofessional employed by the Firm who will most likely rendering

7  services in these cases.

8       7.    The Court has entered an order granting joint administration of the Debtors' cases whereby

9  counsel and other professionals seeking employment shall be authorized to keep non-allocated time records,

10  for fee purposes, to the extent appropriate, subject to review and the apportionment of bills should the need

11  arise. I believe the Debtors' estates should be deemed jointly and severally liable for payments of the Firm's

12  professional fees and disbursements of costs and that out firm should be allowed to consolidate their billings

13  to the extent appropriate (and subject to review and the apportionment of billing should the need arise).

14  Moreover, because the legal services required by each Debtor are interconnected and joint representation

15  limits the expense to the estates of conducting these cases, I do not believe the firm holds any interest

16  adverse to any of the estates or that such concurrent representation of both Debtors will in any way impair the

17  Firm's independence or ability to objectively perform the required services for either of the Debtors.

18       8.    The Firm has agreed to represent the Debtors as bankruptcy counsel to render such ordinary

19  and necessary legal services as may be required in connection with the Debtors' Chapter 11 case, including,

20  without limitation, advising the Debtors with respect to the following: preparation of financial reporting

21  documents, negotiation and liquidation of the Debtors' assets and otherwise advising the Debtors regarding

22  their rights and responsibilities under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

23       9.    Except as disclosed herein, the Firm's responsibilities do not include representation of any

24  agent, employee, wholly owned corporation or affiliated entity of the Debtor.

25       10.   The Firm has not shared or agreed to share compensation for its representation of the

26  Debtors with any other person, except as among its members.

27

28

APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0078506/001/ 392778v02

1    11.    The Firm does not have any pre petition claims against the Debtors. The Firm has not

2    received, and has no present plans to receive, any lien or other interest in property of the Debtors or a third

3    party to secure payment of the Firm's fees.

4    12.    I believe that the Firm is a "disinterested" person within the meaning of section 101(14) of the

5    Bankruptcy Code, and has no interest adverse to the Debtors.

6    13.    Neither the Firm nor any member employed by the Firm has any connection with the Debtors,

7    any insider of the Debtors or any other related entities in which the Debtors may have an interest, their

8    creditors, or any party in interest in this case, or their respective attorneys or accountants. In the Debtors'

9    prior bankruptcy case, I represented Steakhouse Investors, LLC, which provided debtor in possession

10   financing to the Debtors in those cases. Pursuant to the Plan in those cases, Steakhouse Investors, LLC

11   received stock in the Debtor Steakhouse Partners, Inc., in full satisfaction of its administrative claim. I do not

12   believe my involvement in the Debtors' prior bankruptcy will compromise my ability to remain disinterested

13   with respect to the duties to be performed. Except as disclosed herein, I am informed and believe that the

14   Firm has not in the past represented any related debtors, except as disclosed herein. My Firm has conducted

15   an extensive conflict check within the Firm's database and thus far, the Firm has not encountered any

16   creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. If, at any

17   subsequent time during the course of this proceeding, the Firm learns of any other representation which may

18   give rise to a conflict, we will promptly file with the Court and the Office of the United States Trustee an

19   amended declaration identifying and specifying such involvement.

20

21

22

23

24

25

26

27

28

Case No.  08-04147-11
APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &
REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0076506/001/ 392778v02

14.    The Firm is not a creditor, an equity security holder or an insider of the Debtors.  The Firm is not and was not within two (2) years before the date of the filing of the petition, a director, officer or an employee of the Debtors and does not have any interest materially adverse to the interest of the estate or any of the class of creditors or equity security holders by reason of any direct or indirect relationship to, connection, with, ore interest in, the Debtors for any other reason.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of June, 2008, at Los Angeles, California.

_____
JULIA W. BRAND

Case No.  08-04147-11
APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP AS BANKRUPTCY COUNSEL

0076506/001/ 392778v02

# EXHIBIT A



L Y S R



**Partner - Bankruptcy Dept and Corporate Dept.**
Email: jbrand@linerlaw.com
Direct Dial: 310-500-3410

**Julia W. Brand** practices in the areas of corporate and bankruptcy law.  Ms. Brand has represented clients in complex business transactions including intellectual property license agreements, joint venture transactions and merger transactions.  She has handled lending transactions on behalf of lenders and borrowers in a variety of industries and has advised lenders in work-outs and in enforcing their remedies, including litigation remedies, assignments for the benefit of creditors, receiverships and foreclosure proceedings.  Ms. Brand also has extensive experience representing debtors and creditors in bankruptcy cases.  She has litigated business issues in federal and bankruptcy court, including litigation of all aspects of bankruptcy cases, contract, manufacturing, commercial lending and fraud disputes.

Prior to joining LYS&R, Julie was a partner with Katten Muchin Rosenman LLP.

**Practice Area(s)**

Corporate, Bankruptcy, Reorganization and Creditors' Rights

**Education**

Julie received her J.D. from the University of Southern California in 1985.  She received her B.A. from the University of California at Los Angeles in 1981.

**Charitable Involvement**

Julie served as a member of the Board of Directors of the Juvenile Diabetes Research Foundation, Los Angeles Chapter from 1996 through 2001.  For the past two years, Julie has been a team leader and raised money for Public Counsel through its Run for Justice.

**Professional Activities**

Julie is a member of the Beverly Hills Country Club, the Financial Lawyers Conference, Women Lawyers Association of Los Angeles and the International Women's Insolvency and Restructuring Confederation.  She is the Co-Chair for IWIRC's Southern California Network.



**Admissions**

Julie is admitted to the CA State Bar.  She is also admitted to practice before the Northern, Southern, Central and Eastern District Courts of California and the 9th Circuit, US Court of Appeals.

**Personal Background**

Julie enjoys visiting our National Parks, running, reading and going to the theater.





**Associate - Bankruptcy Dept.**
Email: ecolson@linerlaw.com
Direct Dial: 310-500-3530

**Enid M. Colson** has substantial experience representing chapter 11 debtors, asset purchasers, trustees, landlords, unsecured creditors, and equity committees in the contexts of bankruptcy cases, adversary proceedings, and domestic and international business transactions. Enid has focused her practice on chapter 11 business reorganizations and liquidations, especially the design and drafting of complex plans of reorganization and liquidation, the acquisition of intellectual property assets from distressed companies and the defense of directors, officers, and general partners of insolvent corporations in bankruptcy-related litigation.

**Practice Area(s)**

Bankruptcy, Chapter 11, Business Litigation

**Notable Cases**

Enid's relevant experience includes:

- Representing the sellers and buyers of intellectual properties in the context of bankruptcy cases throughout the country as well as working with clients and their transactional attorneys to draft intellectual property licenses to maximize the licensor/licensee's protections in the event of a bankruptcy filing

- Representing the principals of distressed corporations and partnerships including the defense of fiduciary duty actions brought by shareholders, trustees, creditors committees and creditors trusts and the prosecution of actions to enforce insurer's obligations under D&O policies

- Representing Showscan, Inc., a publicly traded producer and distributor of films for motion simulation attractions located in Asia, Europe, Australia and the Middle East, in the orderly liquidation of its operations, including the prosecution of its claims against United Artists Theatre Circuit in the UATC bankruptcy case. This representation involved extensive negotiations with producers and exhibitors all over the world regarding the terms of the distribution and exhibition licensing agreements related to the Showscan film library

- Representing corporate affiliates of bankrupt corporations in actions for fraudulent transfers and unlawful dividends



- Representing the Debtor in Possession in the reorganization of their businesses to exploit numerous telecommunication and wireless licenses issued by the Federal Communications Commission

- Representing commercial landlords in the bankruptcy cases of their tenants including litigation regarding the application of letters of credit, the allocation of the costs from environmental contamination and the defense of involuntary assignments of the commercial lease to new tenants through bankruptcy cases

- Representing the Debtors in Possession in the bankruptcy case involving the Shattuck Hotel and Berkeley Center, resulting in a successful confirmed chapter 11 plan

- Representing Chiquita Brands in its capacity as a creditor of bankrupt producers and retailers with an emphasis on ensuring its rights are protected under both the Perishable Agricultural Commodities Act and the Bankruptcy Code

- Defending preference and fraudulent transfer actions filed against companies in a variety of industries including manufacturers of logistics systems for retail, wholesale, fulfillment and e-commerce clients, metal manufacturers, carpeting manufacturers, supermarkets, pharmaceutical suppliers, telecommunications suppliers, and shoe manufacturers

- Representing corporations and limited liability corporations to liquidate their assets in an orderly fashion under California's assignment for the benefit of creditors statutes

- Representing casinos in their capacity as creditors of various bankrupt casinos

- Successfully defending partnerships against whom involuntary bankruptcy cases have been filed

- Representing numerous parties in their appeals to the Bankruptcy Appellate Panel for the Ninth Circuit and the Ninth Circuit Court of Appeals

**Publications/Speaking Engagements**

Enid's published opinions include *In re Sweitzer*, 332 B.R. 614 (Bankr. C.D. Cal. 2005).

**Education**

Enid graduated Phi Beta Kappa from The Colorado College in 1986. After pursuing her graduate studies at Harvard University, she earned her JD from the UCLA School of Law in 1996. From 1996 to 1999, Enid served as the law clerk to Alan M. Ahart, United States Bankruptcy Judge for the Central District of California.

**Professional Activities**

Enid is a member of the Los Angeles Bankruptcy Forum.



**Admissions**

Enid is a member of the state bar of California and is admitted to practice before the Ninth Circuit Court of Appeals and the United States District Courts for the Central, Southern and Northern Districts of California.



L Y S R



**Associate - Bankruptcy Dept.**
**Email:** cliu@linerlaw.com
**Direct Dial:** 310-500-3638

**Charles Liu** devotes most of his practice to the representation of debtors, creditors, creditor committees, bankruptcy trustees, and asset purchasers in workouts, reorganizations, business acquisitions, and liquidations. Charles has also litigated complex business disputes in state and federal courts for various institutional and individual clients.

Prior to joining LYS&R, Charles worked for a renowned bankruptcy boutique firm in Orange County, California, where he focused his practice on various insolvency related proceedings. From 1997 to 1998, Charles served as the Judicial Law Clerk to the Honorable Meredith A. Jury, United States Bankruptcy Court, Central District of California. In 1995, Charles served as a Judicial Extern to the Honorable Mitchel R. Goldberg, United States Bankruptcy Court, Central District of California.

**Practice Area(s)**

Bankruptcy, Complex Business Litigation

**Notable Cases**

- Representing Econo Lube n' Tune, Inc., a national chain of automobile tune up centers, in their successful reorganization, downsizing, and debt restructuring. This representation involved litigation against numerous franchisees, institutional landlords, and secured creditors

- Representing Strouds, a national chain of houseware and linen specialty stores in an orderly liquidation and windup of their operations. This representation involved negotiating with numerous counties and cities to arrange for going out of business sales at the Strouds stores as well as arranging for the sale of Strouds' real property to other retailers including Anna's Linens, Pier 1 Imports, and Ethan Allen. This representation also involved litigation against various insiders, landlords, creditors, bondholders, and other investors

- Representing The L.L. Knickerbocker Co., Ltd., a publicly traded manufacturer of collectibles in a successful reorganization and reverse merger with a Hong Kong company. This representation involved extensive litigation and negotiation with the SEC as well as complex litigation involving the treatment of intellectual property contracts in bankruptcy



- Representing Global Van Lines, a national trucking company, in the successful sale of their assets and windup of their operations.  This representation involved complex litigation against the federal government regarding amounts owed by various departments within the federal government
- Representing Classic Media, Inc. in successfully facilitating the acquisition of the Veggie Tales video library under Sections 363 and 365 of the Bankruptcy Code.  This representation involved complex and novel executory contract issues dealing with the convergence of intellectual property and bankruptcy law.

**Education**

Charles is a graduate of the University of California, Riverside (BS/Business Administration 1990) and Loyola Law School, Los Angeles (JD 1997) where he was an articles editor for the Loyola of Los Angeles International and Comparative Law Journal, as well as the recipient of the American Jurisprudence Award in Trusts and Wills.

**Professional Activities**

Charles is a member of the American Bar Association, Orange County Bar Association, Orange County Bankruptcy Forum, Inland Empire Bankruptcy Forum, the Financial Lawyers Conference, and the American Inns of Court.

**Admissions**

Charles is a member of the State Bar of California.





**Paralegal - Bankruptcy Dept.**
**Email:** fharrison@linerlaw.com
**Direct Dial:** 310-500-3532

**Felice Harrison** is a paralegal with the business litigation practice group. Felice has a background in bankruptcy and creditor rights and has specialized as a bankruptcy paralegal for the past twenty-five years.

**Practice Areas**

Bankruptcy and creditor rights.

**Education**

Felice earned her BA in Sociology and her California Teaching Credential, Grades K-9, from the University of California, Los Angeles. After teaching in both the public and private sector, Felice continued with her education and received her Paralegal Certificate from the California College of Paralegal Studies (Dean's List)

**Professional Activities**

Felice is a member of the Los Angeles Bankruptcy Forum.

# EXHIBIT B

**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
1100 Glendon Avenue | 14th Floor | Los Angeles, CA 90024.3503
L 310.500.3500 | f. 310.500.3501

JULIE W. BRAND
jbrand@linerlaw.com
Direct Dial: (310) 500-3410



May 8, 2008

<u>ATTORNEY-CLIENT</u>
<u>COMMUNICATION</u>

<u>VIA E-MAIL</u>

Steakhouse Partners, Inc.
Attention: Susan Schulze-Claussen
General Counsel
10200 Willow Creek Road
San Diego, CA 92131

　　　　Re:　　__Engagement Letter__

Dear Ms. Schulze-Claussen:

　　　　We are pleased that you have decided to retain Liner Yankelevitz Sunshine & Regenstreif LLP (the "Firm") as counsel to Steakhouse Partners, Inc., Paragon Steakhouse Restaurants Inc. and Paragon of Michigan, Inc. ("Client"). This letter confirms our agreement regarding the terms and conditions of our engagement (the "Agreement"). The Agreement will not take effect, and the Firm will have no obligation to provide legal services, unless you return a signed copy of this Agreement and pay the initial deposit called for under Paragraph 3, below.

　　　　1.　　**SCOPE OF SERVICES.**　　Client is retaining the Firm to provide services in connection Client's Chapter 11 case to be filed in the Southern District of California. The Firm will render such ordinary and necessary bankruptcy-related legal services as may be required by Client in connection with Client's Chapter 11 bankruptcy case　These services may include, but are not necessarily limited to the following:

- negotiating with some or all of Client's secured and unsecured creditors and other parties in interest;

- advising Client with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee;

- advising Client with regard to certain rights and remedies of Client's Chapter 11 estates and the rights, claims and interests of Client's creditors;

- representing Client in proceedings and/or hearings in the Bankruptcy Court involving Client unless Client is represented in such proceeding or hearing by special counsel;

0020424/001/ 392381v01

Steakhouse Partners, Inc.
Attention: Susan Schulze-Claussen
May 8, 2008
Page 2

<span style="float:right">ATTORNEY-CLIENT
COMMUNICATION</span>

- preparing and assisting Client in the preparation of reports, applications, pleadings and orders for filing with the Bankruptcy Court;

- *If necessary,* ⌐assisting Client in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

- performing any other services which may, in the Firm's judgment, be appropriate in the Firm's representation of Client during its bankruptcy case, *in consultation with client.*

Services in any matter not described above will require a separate written agreement but in the absence of a separate written agreement, the Agreement will apply to services provided to Client in other matters. The Firm represents only those who are signatories to this Agreement. If services are to be provided to any other person or entity, a separate engagement letter will be required.

The Firm has not been engaged to investigate the existence or scope of any policy of insurance that might provide for coverage, a duty to defend, subrogation rights and/or any other benefit to Client. It is Client's obligation to provide full and complete copies of any policy that might provide coverage, a duty to defend and/or any other right or benefit, and to tender all claims under the policy.

2.     **CLIENT'S OBLIGATIONS.** Client agrees to be truthful, cooperative, abide by this Agreement, timely pay the Firm's bills, and keep the Firm advised of Client's address and telephone number. Client will assist the Firm in providing necessary information and documents and will appear when necessary at legal proceedings.

3.     **RETAINER.** Our engagement is conditioned upon court approval, including approval of the financial arrangements described herein and approval of Fee Applications. As a condition to the Firm's representation of Client, we request an initial retainer of $25,000 and an additional retainer will be required prior to filing the bankruptcy case. The amount of fees and costs expended as of the day of the filing will be deducted from the retainer and the balance will be placed in a segregated trust account to be drawn down upon in accordance with the guidelines of the Office of the United States Trustee and the terms of this agreement. At such time as the retainer is exhausted, the firm will be paid from the debtor's cash from operations and asset sales in accordance with the guidelines of the Office of the U.S. Trustee.

4.     **FEES.** Client agrees to pay the Firm's prevailing hourly rates for all time spent on Client's matter by the Firm's legal personnel. The Firm's hourly rates range from $275.00 per hour for our most junior associates to $625 per hour for our most experienced partners. My current rate is $475 per hour. Paralegal rates range from $180 to $215 per hour. The Firm's rates are subject to change on 30 days notice to Client. If Client declines to pay increased rates, the Firm will have the right to withdraw as attorney for Client.

Time charged includes time spent by Firm attorneys or other personnel on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel, other lawyers in the Firm or

0020424/001/ 392381v01

Steakhouse Partners, Inc.
Attention: Susan Schulze-Claussen
May 8, 2008
Page 3

**ATTORNEY-CLIENT
COMMUNICATION**

court personnel. The Firm will charge for ~~waiting~~ *reasonable* waiting time in court and elsewhere and for *reasonable* travel time, both local and out of town, *so long as it is not billing other Clients for such time.*

5. **COSTS AND OTHER CHARGES.** The Firm will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all *reasonable* costs, disbursements and expenses in addition to the hourly fees. Costs and expenses commonly include service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs *— if* investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special *traveling* master fees and other similar items. Client agrees to pay all costs whether billed directly to Client or to the *for* Firm. The Firm reserves the right to request that Client advance costs to be paid on Client's behalf. *Client*

6. **DISCHARGE AND WITHDRAWAL.** Client may discharge the Firm at any time. The Firm may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow the Firm's advice on a material matter or any fact or circumstance that would render the Firm's continuing representation unlawful or unethical, or for non payment of fees and costs by Client, or the failure of the Bankruptcy Court to approve the terms of this agreement. All unpaid charges will immediately become due and payable upon termination of the agreement. The Firm will, upon Client's request, deliver Client's file and property in the Firm's possession unless subject to the lien provided in Paragraph 7 above. If Client does not request such files and property, we will retain them for a period of 3 years after the conclusion of such services or termination of the Firm's engagement. If Client does not request such files and property prior to the end of such period, the Firm will have no further obligation to retain them and may, in our sole discretion, destroy or discard them, without further notice.

7. **DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in the Firm's statements to Client will be construed as a promise or guarantee about the outcome of the matter. The Firm makes no such promises or guarantees. The Firm's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by the Firm shall not be a guarantee. Actual fees may vary from estimates given.

8. **FEE DISPUTES.** Except as otherwise provided in this Agreement, the Los Angeles County Superior Court shall have exclusive jurisdiction over fee disputes arising under this Agreement. Client hereby consents and irrevocably submits to the exclusive jurisdiction of the Los Angeles County Superior Court for this purpose. Client agrees that California law will apply to any dispute of any kind arising under this Agreement or in connection with the Firm's legal services.

9. **ARBITRATION OF NON-FEE DISPUTES.** Any dispute, other than a fee dispute described in Paragraph 10, arising out of or relating to this Agreement or the Firm's performance of legal services hereunder, shall be resolved at the request of any party by final and binding arbitration before JAMS to be conducted by a single arbitrator with experience as a California judge. The arbitration will be conducted at a location determined by the arbitrator in Los Angeles County, California, and administered by

Steakhouse Partners, Inc.
Attention: Susan Schulze-Claussen
May 8, 2008
Page 4                                                         **ATTORNEY-CLIENT**
                                                                **COMMUNICATION**

and in accordance with the then existing Streamlined Rules of Practice and Procedure of JAMS (a copy of these rules will be furnished to Client upon request). In rendering the award, the arbitrator shall determine the rights and obligations of the parties according to the substantive and procedural laws of California. Client acknowledges that by agreeing to arbitration, Client is giving up the right to a jury trial. Judgment on any arbitration award may be entered by any court of competent jurisdiction.

10.     **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

11.     **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

12.     **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

13.     **EFFECTIVE DATE.** This Agreement will govern all legal services performed by the Firm on behalf of Client commencing with the date the Firm first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client. Client shall receive a fully executed duplicate of this Agreement.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE THE FIRM FIRST PROVIDED SERVICES. IF MORE THAN ONE PERSON SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.

Very truly yours,

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By    *Julia W Brand*

Julia W. Brand

JWB/lbl

LOS ANGELES | SAN FRANCISCO
www.linerlaw.com

0020424/001/392381v01

Steakhouse Partners, Inc.
Attention: Susan Schulze-Claussen
May 8, 2008
Page 5

ATTORNEY-CLIENT
COMMUNICATION

STEAKHOUSE PARTNERS, INC.
A California corporation

Taxpayer ID: 33-0369893

By _____
Susan Schulze-Claussen, General Counsel

0020424/001/ 392381v01

# EXHIBIT C

## ATTORNEY BILLING RATES

| | |
|---|---|
| Julia W. Brand (Partner) | $475/hr. |
| Enid M. Colson (Associate) | $415/hr. |
| Charles Liu (Associate) | $375/hr. |
| Felice Harrison (Paralegal) | $215/hr. |

# EXHIBIT D

CSD 1001C [11/15/04]
Name, Address, Telephone No. & I.D. No.
Julia W. Brand, Esq. (SBN: 121760)
Enid M. Colson, Esq. (SBN: 189912)
Liner Yankelevitz Sunshine & Regenstreif LLP
1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024-3503
(310) 500-3500

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re STEAKHOUSE PARTNERS, INC., et al.

Debtor.

BANKRUPTCY NO.
08-04147-11

Date of Hearing: Jointly administered
Time of Hearing: with Case Nos.
Name of Judge: 08-04152 and 08-04153

**ORDER ON** APPLICATION OF DEBTORS AND DEBTORS IN
POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
AS BANKRUPTCY COUNSEL

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through

2_____ with exhibits, if any, for a total of 2_____ pages, is granted. ~~Notice of Lodgment~~ Docket Entry No. _____
motion/Application

//

//

//

//

//

//

DATED:

_____
Judge, United States Bankruptcy Court
08-04152 and 08-04153

Signature by the attorney constitutes a certification under
Fed. R. Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

Enid M. Colson, Esq. (SBN: 189912)
(Firm name)

By: /s/ Enid M. Colson
_____
Attorney for ☐ Movant ☐ Respondent
DEBTOR AND DEBTOR-IN-POSSESSION

CSD 1001C

CSD1001C

CSD 1001C [11/15/04]  (Page 2)
ORDER ON APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY LINER, et al.
DEBTOR: STEAKHOUSE PARTNERS, INC., et al.            CASE NO: 08-04147-11

The Court having considered the Application of Debtors and Debtors in Possession to Employ Liner Yankelevitz Sunshine & Regenstreif LLP (the "Firm") as Bankruptcy Counsel (the "Application), the exhibits attached to thereto and the Declaration of Julia W. Brand filed in support of the Application, and good cause appearing therefore

IT IS HEREBY ORDERED AS FOLLOWS:

The Debtors are authorized to retain Liner Yankelevitz Sunshine & Regenstreif LLP as their bankruptcy counsel effective as of May 15, 2008 pursuant to the terms of the Application.

CSD 1001C

# EXHIBIT E

1   MARY TESTERMAN DUVOISIN, ATTORNEY #163514
    TRIAL ATTORNEY
2   OFFICE OF THE UNITED STATES TRUSTEE
    402 WEST BROADWAY, SUITE 600
3   SAN DIEGO, CA 92101-8511
    (619)557-5013
4
    ATTORNEY FOR
5   TIFFANY L. CARROLL
    ACTING UNITED STATES TRUSTEE
6

7

8                       UNITED STATES BANKRUPTCY COURT

9                      Southern District of California

10  In re:                        )   Case No. 08-04147-JM11
                                   )
11  STEAKHOUSE PARTNERS INC., A    )
    DELAWARE CORPORATION,          )   STATEMENT OF POSITION OF
12                                 )   THE UNITED STATES TRUSTEE
                      Debtor(s).   )
13  _____)
    In re:                         )
14                                 )
    PARAGON STEAKHOUSE RESTAURANTS )
15  a DELAWARE CORPORATION,        )
                                   )
16                    Debtor(s).   )
                                   )
17  In re:                         )
                                   )
18  PARAGON OF MICHIGAN, INC.,     )
    a Wisconsin corporation,       )
19                                 )
                      Debtor(s).   )
20                                 )

21      The United States Trustee responds to the APPLICATION OF

22  DEBTORS IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE &

23  REGENSTREIF LLP AS BANKRUPTCY COUNSEL, as follows:

24  _____      The United States Trustee takes no position.

25    XX         The United States Trustee has no objection.

26  / / / /

27  / / / /

28  / / / /

1        _____ The United States Trustee objects and requests a

2        hearing.

3        _____ The United States Trustee objects as set forth below.

4                           Respectfully submitted,

5                           TIFFANY L. CARROLL
                            ACTING UNITED STATES TRUSTEE

6

7 Dated:   June   6   , 2008        By:       _/s/_

8                             Mary Testerman DuVoisin,
                            Trial Attorney for the
                            Acting United States Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On June 4, 2008, I served the within document(s) described as:

**APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION TO EMPLOY LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP AS BANKRUPTCY COUNSEL; DECLARATION OF JULIA W. BRAND**

on the interested parties in this action as stated on the attached mailing list.

[X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 4, 2008, at Los Angeles, California.

Christine Tapia
(Type or print name)

/s/ Christine Tapia
(Signature)

1

0078506/001/ 395422v01

1

## SERVICE LIST

2

*In re Steakhouse Partners, Inc., In re Paragon Steakhouse Restaurants, Inc.,*

3

*and In re Paragon of Michigan Inc.*

4
**Debtors in Possession Via E-Mail**

**United States Trustee**
Mary M. Testerman, DuVoisin, Esq.

5
Susan Schulze-Claasen
Steakhouse Partners, Inc.
United States Department of Justice
402 West Broadway, Suite 600

6
10200 Willow Creek Road
San Diego, California 92131
San Diego, CA 92101
Mary.m.testerman@usdoj.gov

7

8
**Secured Creditor Class 4 Creditor Trust**
Sharon Weiss, Esq.

**Class 4 Creditor Trust Trustee**
Scott Avila Trustee c/o

9
Weinstein, Weiss & Ordubegian LLP
1925 Century Park East, Suite 1150
Corp Revitalization Partners LLC
One Park Plaza, Sixth Floor

10
Los Angeles, CA 90067
Facsimile: 310-203-8110
Irvine, CA 92514

11
Email: sweiss@wwolawyers.com

12

13
**Secured Creditor**
Rotoco, Inc., D/B/A Roto-Rooter Plumber

**Request for Special Notice**
Challenge Dairy Products, Inc.
Ruth Elin Auerbach, Esq.

14
P. O. Box 7209
Ventura, CA 93006
711 Van Ness Ave., Suite 440
San Francisco, CA 94102

15
Telephone: (415) 673-0560
Facsimile: (415) 673-0562

16

### 20 Largest Unsecured Creditors - In re Steakhouse Partners

17

18
Mason Matthies
RR Donnelley Recievables, Inc.

Chief Executive Officer
Corporate Trust Center
Delaware Secretary of State

19
4350 La Jolla Village Drive, Suite 300
San Diego, CA 92122
1209 Orange Street
Wilmington, DE 19801

20

21
Officer, Managing or General Agent
PR Newswire
GPO Box 5897

22
New York, NY 10087

23

### 20 Largest Unsecured Creditors Common to In re Steakhouse Partners,

24
### Paragon Steakhouse Restaurants & Paragon of Michigan

25
Christopher Forrester
Morrison / Foerster LLP

Mitchell C. Littman
Littman Krooks LLP

26
PO Box 60000
San Francisco, CA 94160-2497
655 Third Avenue
New York, NY 10017

27

28

2

0078506/001/ 395422v01

1

### 20 Largest Unsecured Creditors Common to In re Steakhouse Partners, Paragon Steakhouse Restaurants & Paragon of Michigan

2

3   Charles L. Robinson
    Critical Capital Growth Fund, LP
    90 Park Avenue, 31st Floor
4   New York, NY. 10016

Richard L. Sandler
Rewards Network (f/n/a Idine)
Two North Riverside Plaza, Suite 950
Chicago, IL 60606

5

6   Bob Kulkin
    Central Meat & Provision
    1603 National Ave
7   San Diego, CA 92113

Froehlich, Richard J.
Froehlich, Richard J. Trs
5411 Muirfield Dr
Bakersfield, CA. 93306-0000

8

9   Melissa DePonte
    Realty Income Corporation
    Department 2428
10  Los Angeles, CA 90084-2428

Attention:  Joan
US Foodservice, Inc. Chicago
Box 98612
Chicago, IL. 60693-8612

11

12  Jack Star
    1405 Fuerte Heights Lane
    El Cajon, CA. 92019

Peter M. Gilhuly
Latham & Watkins
633 W. 5th Street, Suite 4000
Los Angeles, CA. 90071

13

14  Mary Vouti
    Southwest Traders, Inc.
15  27711 Diaz Road
    Temecula, CA. 92590

Robert Ernst
Ernst Luce California LLC
12401 Helena Street
Los Angeles, CA. 90049

16

17  Terri O'Neal
    Blue Shield of California
18  1210 Commerce Ave, Ste #4
    Woodland, CA. 95776-9021

James Watt
One Hallidie Plaza, Ste.
San Francisco, CA.  94102

19

20  Brian Matteoni
    Tippecanoe Place LLC
21  4945 Palmetto Dunes Court
    San Jose, CA.  95138

Cliff Rubens
General Produce Co., Ltd.
P. O. Box 308
Sacramento, CA. 95812-0308

22

23  John Carnesale
    National Retail Properties, Inc.
24  450 S. Orange Ave, Ste. 900
    Orlando, FL. 32801

Audie Dudum
Ramallah Inc.
15 Rosebank Ave
Kentfield, CA. 94904

25

26

27

28

3

1  Jim Balis
   Balis d/b/a Restaurant Management Group/
2  Complete Asset Management
   2913 Whidden St
3  Boise, ID  83702

Denise Russel
Gary A. Yeomans Revocable Living Trust
611 Industrial Parkway
Imlay City, MI. 48444-0369

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

0078506/001/ 395422v01