# EXHIBIT E

//0v0

CSD 1001C [11/15/04]
Name, Address, Telephone No. & I.D. No.
Julia W. Brand, Esq.  (SBN 121760)
Enid M. Colson, Esq.  (SBN 189912)
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024-3503
(310) 500-3500

Order Entered on
July 18, 2008
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
135 West "F" Street, San Diego, California 92101-6991

In re

STEAKHOUSE PARTNERS, INC., a Delaware corporation,

Debtor-in-Possession.

**LODGED**

BANKRUPTCY NO.
08-04147-11 (Jointly Administered with Case
Nos. 08-4152-11 & 08-4153-11)

Date of Hearing:  None
Time of Hearing:  None
Name of Judge:  James W. Meyers

## ORDER GRANTING MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through 2 with exhibits, if any, for a total of 27 pages, is granted.  Motion/Application Docket Entry No. 118.

//

//

//

//

//

//

DATED:  July 17, 2008

Judge, L

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification
under Fed. R. Bankr. P. 9011 that the relief in the order
is granted by the court.

Submitted by:

LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
Firm Name

By:    /s/ Enid M. Colson
Attorney for ☒ Movant ☐ Respondent ☐ Debtors-in-Possession

CSD 1001C (Page 2)
ORDER APPROVING DEBTORS' MOTION ESTABLISHING INTERIM COMPENSATION PROCEDURE
DEBTOR: *In re Steakhouse Partners, Inc.*                                    CASE NO: 08-4147-11

The Court, having read and considered the "Motion for Order Establishing Interim Compensation Procedure" (the "Compensation Motion", docket no. 118) and the "Notice of Motion for Order Establishing Interim Compensation Procedure" (the "Notice", docket no. 119) both having been filed and served on June 18, 2008 by Steakhouse Partners, Inc., Paragon Steakhouse Restaurants, Inc., and Paragon of Michigan, Inc., the debtors and debtors in possession ("Debtors"), a true and correct copy of the Notice being attached hereto as Exhibit "A"; and an objection to the Compensation Motion having been filed by General Produce Company (the "Objection", docket no. 147), and the Debtors and General Produce Company having resolved the Objection pursuant to a stipulation (the "Stipulation", docket no. 164) and General Produce Company having withdrawn its Objection (the "Withdrawal", docket no. 165), and it appearing that no other objections were filed to the Compensation Motion, and it appearing to the Court that it is in the best interests of the estates to establish an interim compensation procedure by which the Debtors' general insolvency counsel, Liner Yankelevitz Sunshine & Regenstreif LLP (the "Firm") may be paid their fees and costs on a monthly basis, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1.      The Motion for Order Establishing Interim Compensation Procedure is hereby approved.

2.      The Debtors are hereby authorized to pay the Firm pursuant to the interim compensation procedure as set forth in the Compensation Motion.

0078506/001/396923v01                                    *Signed by Judge James W. Meyers July 17, 2008*

# EXHIBIT A

*Signed by Judge James W. Meyers July 17,2008*

CSD 1182 [01/10/08]
Name, Address, Telephone No. & I.D. No.
Julia W. Brand, Esq. (SBN 121760)
Enid M. Colson, Esq. (SBN 189912)
Liner Yankelevitz Sunshine & Regenstreif, LLP
1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024-3503
(310) 500-3500

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
135 West "F" Street, San Diego, California 92101-6991

In re

STEAKHOUSE PARTNERS, INC., a Delaware corporation,

Debtor-in-Possession.

BANKRUPTCY NO.
08-04147-11 (Jointly Administered with Case Nos. 08-4152-11 & 08-4153-11)

Date of Hearing:  n/a
Time of Hearing:  n/a
Name of Judge:   James W. Meyers

**NOTICE OF MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE**

TO:      TO THE HONORABLE JAMES W. MEYERS, THE UNITED STATES TRUSTEE, THE CLASS 4 CREDITOR TRUST, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS OF STEAKHOUSE PARTNERS, INC., AND PARAGON OF MICHIGAN, INC., AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE:

You are herewith served with the attached Motion by Steakhouse Partners, Inc., et al.

for:      An Order Establishing a Fee Procedure for Allowance of Interim Compensation and Reimbursement of Expenses for Professionals Pursuant to 11 U.S.C § 331, Rule 2016(c) of the Federal Rules of Bankruptcy Procedure and Appendix D5 of the Local Rules of the United States Bankruptcy Court for the Southern District of California (the "Motion").

and any accompanying declarations.

If you object to the Court granting the relief requested in the Motion:

1.      **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. *If a Chapter 7, 11, or 12 case,* determine which deputy to call by looking at the Bankruptcy Case No. in the above caption of this notice. If the case number is followed by the letter:

-      JM - call (619) 557-6019          -      DEPARTMENT ONE (Room 218)
-      LA - call (619) 557-6594          -      DEPARTMENT TWO (Room 118)
-      LT - call (619) 557-6018          -      DEPARTMENT THREE (Room 129)
-      PB - call (619) 557-5157          -      DEPARTMENT FOUR (Room 328)
*For ALL Chapter 13 cases,* call (619) 557-5955.

2.      **WITHIN FOURTEEN (14)[1] DAYS FROM THE DATE OF SERVICE OF THE MOTION,** you are further required to serve a copy of your DECLARATION IN OPPOSITION TO MOTION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned party, together with any opposing papers. The

---

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.

0078506/001/396386v01

*Signed by Judge James W. Meyers July 17, 2008*

₂You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 1182 [Continued on Page 2]//

opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

    a.    identify the interest of the opposing party; and

    b.    state, with particularity, the grounds for the opposition.

3.    **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 14-day₁ period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the debtor or trustee may proceed to take the intended action.

DATED:    June 17, 2008

          /s/ Enid. M. Colson
          Attorney for Moving Party

### CERTIFICATE OF SERVICE

I, the undersigned whose address appears below, certify:

    That I am, and at all times hereinafter mentioned was, more than 18 years of age;

    That on day of , I served a true copy of the within NOTICE OF MOTION by [describe here mode of service]

on the following persons [set forth name and address of each person served] and/or as checked below:

[ ]    Attorney for Debtor (if required):

| [X] For Chpt. 7, 11, & 12 cases: | [ ] For ODD numbered Chapter 13 cases: | [ ] For EVEN numbered Chapter 13 cases: |
| --- | --- | --- |
| UNITED STATES TRUSTEE<br>Department of Justice<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | THOMAS H. BILLINGSLEA, JR., TRUSTEE<br>530 "B" Street, Suite. 1500<br>San Diego, CA 92101 | DAVID L. SKELTON TRUSTEE<br>525 "B" Street, Suite 1430<br>San Diego, CA 92101-4507 |

I certify under penalty of perjury that the foregoing is true and correct.
Executed on  *6/18/08*

          Chris Tapia
          (Typed Name and Signature)

          1100 Glendon Ave., 14th Floor
          (Address)

          Los Angeles, CA  90024
          (City, State, ZIP Code)

          /s/ Chris Tapia

CSD 1182

2

*Signed by Judge James W. Meyers July 17, 2008*



1  Julia W. Brand, Esq. (SBN: 121760)
       jbrand@linerlaw.com
2  Enid M. Colson, Esq. (SBN: 189912)
       ecolson@linerlaw.com
3  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
4  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
5  Telephone:  (310) 500-3500
   Facsimile:  (310) 500-3501
6
   Counsel for Debtors and Debtors in Possession
7

8              UNITED STATES BANKRUPTCY COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  In re:                                    )
                                              )
11  STEAKHOUSE PARTNERS, INC., a Delaware     )   Case No. 08-04147-11
    corporation,                              )
12                                            )   Chapter 11
               Debtors.                       )
13                                            )   Honorable  James W. Meyers
                                              )
14                                            )   [Jointly administered with Case Nos.: 08-01452
                                              )   and 08-04153]
15                                            )
                                              )   MOTION FOR ORDER ESTABLISHING INTERIM
16                                            )   COMPENSATION PROCEDURE;
                                              )   MEMORANDUM OF POINTS AND
17                                            )   AUTHORITIES;  DECLARATION OF SUSAN
                                              )   SCHULZE-CLAASEN
18                                            )
                                              )   [NO HEARING REQUESTED]
19                                            )
    ┌─────────────────────────────────┐       )
20  │ ☒ Affects All Debtors           │       )
    ├─────────────────────────────────┤       )
21  │ ☐ Steakhouse Partners, Inc.,    │       )
    ├─────────────────────────────────┤       )
22  │ ☐ Paragon Steakhouse Restaurants, Inc. │  )
    ├─────────────────────────────────┤       )
23  │ ☐ Paragon of Michigan, Inc.     │       )
    └─────────────────────────────────┘       )
24

25

26

27

28
                                              Case No. 08-04147
         MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURE

0078506/001/395005v04

Signed by Judge James W. Meyers July 17,2008

1   TO THE HONORABLE JAMES W. MEYERS, UNITED STATES BANKRUPTCY JUDGE, THE UNITED

2   STATES TRUSTEE, ALL SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS,

3   THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PARAGON STEAKHOUSE

4   RESTAURANTS AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE:

5

6       Steakhouse Partners, Inc., Paragon Steakhouse Restaurants, Inc., and Paragon of Michigan, Inc.,

7   debtors and debtors-in-possession (the "Debtors") in the above captioned bankruptcy cases hereby move the

8   Court for an Order Establishing a Fee Procedure for Allowance of Interim Compensation and Reimbursement

9   of Expenses for Professionals Pursuant to 11 U.S.C § 331, Rule 2016(c) of the Federal Rules of Bankruptcy

10  Procedure and Appendix D5 of the Local Rules of the United States Bankruptcy Court for the Southern District

11  of California (the "Motion").  This Motion is based upon the attached memorandum of points and authorities

12  and the Declaration of Susan Schulze-Claasen.

13      By this Motion the Debtors seek an order establishing an interim compensation procedure by which

14  their general insolvency counsel, Liner Yankelevitz Sunshine & Regenstreif LLP (the "Firm") may be paid their

15  fees and costs on a monthly basis.  Payment will initially be made from the Chapter 11 Retainer in the client

16  trust account and after the Chapter 11 Retainer is exhausted, the Firm will invoice the Debtors on a monthly

17  basis for payment of the fees and costs incurred for the prior month.  At their election, the Debtors will make

18  payments to the Firm either once or twice per month and the Firm will place such payments in the segregated

19  client trust account.  Each month the Firm will serve a Monthly Fee Statement and will only pay itself once the

20  deadline to object to the Monthly Fee Statement has passed without timely objections.

21      The establishment of such an interim procedure for payment of monthly fees and costs incurred is

22  both necessary and in the best interests of the estates due to the significant proportion of the Firm's time and

23  effort that will be required in these cases.

24      **WHEREFORE**, the Debtors pray that the Court enter its Order Establishing a Fee Procedure for

25

26

27

28

---

2                                Case No. 08-04147

MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURE

0078506/001/ 395005v04

*Signed by Judge James W. Meyers July 17, 2008*



1

2  Allowance of Interim Compensation and Reimbursement of Expenses, and for such other and further relief as

3  the Court deems just and proper.

4

5  Dated:  June 17, 2008                LINER YANKELEVITZ
                                        SUNSHINE & REGENSTREIF LLP
6

7                                       By:  /s/ Enid M. Colson

8                                              Julia W. Brand
                                               Enid M. Colson
9                                          Counsel for Debtors and
                                           Debtors-In-Possession
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          3                          Case No. 08-04147
                        MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURE

0078506/001/ 395005v04

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### RELIEF REQUESTED

By this Motion the Debtors seek an order establishing an interim compensation procedure by which the Firm may be paid their fees and costs on a monthly basis.   Payment will initially be made from the Chapter 11 Retainer in the client trust account and after the Chapter 11 Retainer is exhausted, the Firm will invoice the Debtors on a monthly basis for payment of the fees and costs incurred for the prior month.  The Debtors will make payments to the Firm once or twice per month and the Firm will place such payments in the segregated client trust account.  Each month the Firm will serve a Monthly Fee Statement and will only be paid once the deadline to object to the Monthly Fee Statement has passed without timely objections.

The establishment of such an interim procedure for payment of monthly fees and costs incurred is both necessary and in the best interests of the estates due to the significant proportion of the Firm's time and effort that will be required in these cases. The guidelines for the interim procedure are set forth below.

### II.

### FACTUAL BACKGROUND

On May 15, 2008 the Debtors filed emergency Voluntary Petitions for relief under Chapter 11 of title 11 of the United States Code.  The Debtors are managing their affairs as debtors in possession.

On June 6, 2008 the Court entered its "Order on Application of Debtors and Debtors in Possession to Employ Liner Yankelevitz Sunshine & Regenstreif LLP as Bankruptcy Counsel" authorizing the Debtors to employ the Firm as their bankruptcy counsel effective May 15, 2008.  As reflected in the Debtors' Application to Employ Liner Yankelevitz Sunshine & Regenstreif LLP (docket no. 57), prior to the filing of the chapter 11 cases, and in anticipation of the filing, the Debtors paid the Firm the sum of $100,000 as a retainer.  At the time of the filing, the Firm incurred the sum of $42,013.00 for pre-petition services.   The balance of funds in the amount of $54,870.00 (the "Chapter 11 Retainer") was placed in a segregated trust account on behalf of the Debtors to be applied against fees and costs expended in connection with the Firm's employment as Debtors' counsel. The Debtors are requesting authority to establish a fee procedure with respect to payment of the monthly fees and costs incurred by the Firm on behalf of the Debtors from the Chapter 11 Retainer and

0078506/001/ 395005v04

*Signed by Judge James W. Meyers July 17, 2008*

1  once the Chapter 11 Retainer is exhausted, a procedure by which the Firm shall invoice the Debtors on a

2  monthly basis for payment of the fees and costs incurred for the prior month.

3  III.

4  THE PROPOSED INTERIM COMPENSATION PROCEDURE

5      The Debtors propose that the Firm be paid the fees and expenses incurred during the pendency of

6  these cases as follows:

7      A.      The Firm will initially draw down from the Chapter 11 Retainer, on a monthly basis, 100% of

8  the fees 100% of expenses until the Chapter 11 Retainer is exhausted.

9      B.      Until the Chapter 11 Retainer is exhausted and prior to drawing on that Retainer, the Firm

10  shall submit a Monthly Fee Statement, in the form attached hereto as Exhibit "A", which includes the following

11  information:

12          1.      The date of the entry of order approving the Firm's employment;

13          2.      The balance of the Retainer on the date of the filing of the petition;

14          3.      Total amount of fees and expenses incurred in the current reporting period for which

15  compensation is requested and the dates covered by that period; and

16          4.      The balance of funds remaining of the Retainer for the next reporting period.

17      C.      The Monthly Fee Statement shall be based upon the normal and customary hourly billing

18  rates of the attorneys and paralegals in the Firm.

19      D.      The Firm shall serve the Monthly Fee Statement on the United States Trustee and the

20  Debtors along with detailed documentation supporting the professional fees earned and the expenses

21  incurred during the relevant reporting period.  The Firm shall file with the Court and serve the Monthly Fee

22  Statement, with a summary of the services rendered, on all secured creditors, the official Committee of Un

23  secured Creditors in the Paragon Steakhouse Restaurant case and on the twenty largest unsecured creditors

24  in the other two bankruptcy cases, and any parties requesting special notice (the "Fee Noticing Group") with

25  notice that the Firm will withdraw the requested amounts from the Chapter 11 Retainer unless an objection is

26  filed and served on the Firm within ten (10) days from the date of service of the Monthly Fee Statement.  The

27  Monthly Fee Statement will provide notice that the Firm will be paid 100% of the fees requested and 100% of

28  expenses; an objection may be raised. The objection must set forth in specificity the basis of such objection to

5                                    Case No. 08-04147

0078506/001/ 395005v04

*Signed by Judge James W. Meyers July 17, 2008*

1  the requested fees and/or expenses. In the event an objection is raised, the Firm will have the option to either

2  request a hearing on the objection or hold back the amount of fees and/or expenses that are the subject of the

3  objection until the hearing on the application for interim compensation.

4        E.      Once the Chapter 11 Retainer is exhausted, the Firm shall continue to submit a Monthly Fee

5  Statement to the Debtors for the fees and expenses incurred for the prior month (the "Revised Monthly Fee

6  Statement"), in the form attached hereto as Exhibit "B." The Revised Monthly Fee Statement shall reflect the

7  total amount of fees and expenses incurred in the current reporting period for which compensation is

8  requested and the dates covered by that period (the "Monthly Fee Statement" and the "Revised Monthly Fee

9  Statement" will collectively be referred to as the "Monthly Statement").

10        F.      The Firm shall serve the Monthly Statement on the United States Trustee and the Debtors

11  along with detailed documentation supporting the professional fees earned and the expenses incurred during

12  the relevant reporting period. The Firm shall serve and file with the Court the Monthly Statement, and a

13  summary of the services rendered on the Fee Noticing Group with notice that the Firm will be paid 80% of the

14  fees requested with a hold-back of 20% of such fees and 100% of expenses; provided that the 20% hold-back

15  of fees may include any fees to which an objection may be raised unless an objection is filed and served on

16  the Firm within ten (10) days from the date of service of the Invoice. The objection must set forth in specificity

17  the basis of such objection to the requested fees and/or expenses. In the event an objection is raised, the

18  Firm will have the option to either request a hearing on the objection or hold back the amount of fees and/or

19  expenses that are the subject of the objection until the hearing on the application for interim compensation. If

20  no Objection is raised the Debtors shall pay 80% of the fees requested and 100% of the expenses. At the

21  Debtors option, the Debtors may pay the Firm twice per month for the fees and expenses included in the

22  Monthly Statement served the preceding month and the Firm will place such payments in its client trust

23  account. Regardless of whether the Debtors pay the Firm once or twice per month, the Firm will only pay

24  itself once per month and only for 80% of the fees requested and 100% of the expenses requested in a

25  Monthly Statement to which no timely objection was filed.

26        G.      The Firm shall file quarterly fee applications as required by Local Bankruptcy Rule Appendix

27  D5 approximately once every 120 days.   All fees and expenses paid by the Debtors to the Firm shall be

28  subject to final approval by the court upon a noticed fee hearing.

0078506/001/ 395005v04

1       H.    The monthly fee procedure will not bar the Office of the United States Trustee nor any party

2 in interest from raising objections to any charge or expense in the Firm's fee application to be filed with the

3 Court on the ground that no objection was raised with respect to any monthly payment.

4       I.    In the event the Firm fails to comply with the 120 day fee application procedure set forth in

5 paragraph I, the Firm will not be entitled to utilize the interim fee compensation procedure previously

6 approved.

7

8                     III.

9               DISCUSSION

10 **A.**    <u>**Jurisdiction**</u>

11       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

12 proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the chapter 11 cases is proper pursuant to 28

13 U.S.C. §§ 1408 and 1409 as the Debtors' executive offices are located in San Diego County. The statutory

14 predicate for this motion is 11 U.S.C. § 331 and Rule 2016(c) of the Federal Rules of Bankruptcy Procedure

15 and Appendix D5 of the Local Rules.

16 **B.**    <u>**It is Appropriate for this Court to Establish the Fee Procedure Requested**</u>

17       The ability of the Bankruptcy Court to authorize a monthly fee procedure was discussed and

18 established by the Bankruptcy Appellate Panel for this Circuit in <u>U.S. Trustee v. Knudsen Corp. (In re

19 Knudsen Corp.)</u> 84 B.R. 668 (9th Cir. BAP 1988). In <u>Knudsen</u>, the Panel upheld a procedure approved by the

20 Bankruptcy Court that permitted monthly bills of professionals to be submitted to the debtor only and paid by

21 the debtor on a monthly basis, subject to subsequent approval at quarterly fee hearings.

22       In this case, unlike the <u>Knudsen</u> case, the Monthly Statement will be served on the Debtors and

23 the Office of the United States Trustee (with documentation) and the Fee Noticing Group (without

24 documentation), who will have an opportunity to object to the fees and costs requested.

25       In enacting the provisions of the Bankruptcy Code that relate to compensation of professionals,

26 Congress adopted the principle that "professionals in bankruptcy cases are entitled to be paid on a

27 comparable basis to other privately retained counsel, both in terms of timeliness and amount of payment." <u>In

28 re Commercial Consortium of California,</u> 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (*citing among others,*

0078506/001/ 395005v04

*Signed by Judge James W. Meyers July 17, 2008*

1    Burgess v. Klenske (In re Manoa Financing Co., Inc.), 853 F.2d 687, 690 (9th Cir. 1988), In re NuCorp Energy,

2    Inc., 764 F.2d 655, 658-59 (9th Cir. 1985)).

3         As a result, Section 331 of the Bankruptcy Code provides for the payment of interim compensation

4    for professionals retained by debtors in possession and creditors' committee:

5              A trustee, an examiner, a debtor's attorney, or any professional employed
               under section 327 or 1103 of this title may apply to the court not more than
6              once every 120 days after an order for relief in a case under this title, or
               more often if the court permits, for such compensation for services rendered
7              before the date of such an application or reimbursement for expenses
               incurred before such date as is provided under section 330 of this title. After
8              notice and a hearing, the court may allow and disburse to such application
9              such compensation or reimbursement.

10   11 U.S.C. § 331. The legislative history of the Bankruptcy Code illustrates the intent of Congress that interim

11   compensation be provided on a sufficiently regular basis to ensure the adequacy of such compensation.

12             The Court may permit more frequent applications if the circumstances
13             warrant, such as in very large cases where the legal work is extensive and
               merits more frequent payments. The court is authorized to allow and
14             order disbursement to the applicant of compensation and reimbursement
               that is otherwise allowable under section 330.
15

16   H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977).

17        As noted, the proposed interim fee and expense procedure allows monthly payments only after notice

18   is given to persons in the Fee Noticing Group, the Debtors and the Office of the United States Trustee. If any

19   parties object to all or part of the fees or costs set forth in the Monthly Statement, the disputed portion shall

20   not be paid without prior Court approval. Even if no objection is filed with regard to the Monthly Statement,

21   other parties in interest may object to the fees or expenses of the Firm at the hearing on the quarterly fee

22
23   applications.

24        The proposed interim fee procedures alleviate the financial burden on the Firm and comply with the

25   requirements of section 331 of the Bankruptcy Code.  As such, the Debtors believe that due to the complexity

26   of these cases and the considerable amount of anticipated legal services the Firm will render to the Debtors, it

27   is appropriate that the Firm be paid on an interim basis pending approval of its fees and costs incurred upon a

28   noticed fee hearing.

                                              8                              Case No. 08-04147

0078506/001/ 395005v04



IV.

**CONCLUSION**

For the foregoing reasons cited above, the Debtors respectfully request that this Court issue an order approving the fee procedure described above.

Dated:  June 17, 2008

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF LLP

By:   /s/ Enid M. Colson
      Julia W. Brand
      Enid M. Colson
      Attorneys for Debtors and Debtors in
      Possession

9                                    Case No. 08-04147
MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURE

0078506/001/ 395005v04

### DECLARATION OF SUSAN SCHULZE-CLAASEN

I, Susan Schulze-Claasen, hereby declare:

1.      I am the President of Paragon Steakhouse Restaurants, Inc., a Delaware corporation ("Paragon Steakhouse"), wholly-owned by Steakhouse Partners, Inc., a Delaware corporation ("Steakhouse Partners"), and of Paragon of Michigan, Inc., a Wisconsin corporation ("Paragon Michigan"). I am also Vice President and General Counsel to Steakhouse Partners (each, a "Debtor" and collectively, the "Debtors"). I have been employed by the Debtors since October, 1979. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I could and would testify to those matters.

2.      On May 15, 2008 the Debtors filed emergency Voluntary Petitions for relief under Chapter 11 of title 11 of the United States Code. The Debtors are managing their affairs as debtors in possession.

3.      Prior to the filing of the chapter 11 cases, and in anticipation of the filing, the Debtors paid the Firm the sum of $100,000 as a retainer. At the time of the filing, the Firm incurred the sum of $42,013.00 for pre-petition services. I am informed and believe that the Firm placed the balance of funds in the amount of $54,870.00 (the "Retainer") in a segregated trust account on behalf of the Debtors to be applied against fees and costs expended in connection with the Firm's employment as Debtors' counsel.

4.      I believe it is appropriate to establish an interim compensation procedure for the Firm with respect to the payment of their fees and costs from the Retainer pursuant to the guidelines set forth in the attached Motion and I believe the fee procedure is appropriate.

5.      The Debtors wish to maintain the flexibility to pay the Firm either once or twice per month with the Firm placing such payments in the segregated client trust account until the time for parties in interest to object to the Firm's Monthly Statement has passed.

\\
\\
\\
\\
\\

Case No. 08-04147

MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURE

0078506/001/395005v04

*Signed by Judge James W. Meyers July 17, 2008*

6.    Based upon the Debtors' cash flow projections, I anticipate that there will be sufficient cash flow to pay the professional fees provided in the procedure set forth above.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _13_ day of June 2008, at San Diego, California.

SUSAN SCHULZE-CLAASEN

11

MOTION TO ESTABLISH INTERIM COMPENSATION PROCEDURE

Case No. 08-04147

0078506/001/ 395005v04

*Signed by Judge James W. Meyers July 17,2008*

# EXHIBIT A

Attorney or Professional Name, Address, Telephone and FAX

Julia W. Brand, Esq. (SBN: 121760), jbrand@linerlaw.com
Enid M. Colson, Esq. (SBN: 189912), ecolson@linerlaw.com
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re:

STEAKHOUSE PARTNERS INC., a Delaware corporation,

Debtors.

☒ Affects Debtors, Steakhouse Partners, Inc., Paragon Steakhouse Restaurants, Inc., and Paragon of Michigan, Inc.

Case No. 08-04147-11, Jointly administered with 08-04152 and 08-04153

**Monthly Fee Statement**

Number:

Month of: _____, 2008

| | |
|---|---|
| 1. Name of Professional: | |
| 2. Date of entry of order approving employment of the professional: | |
| 3. Total amount of pre-petition payments received by the professional: | |
| 4. Less: Total amount of pre-petition services rendered and expenses: | |
| 5. Balance of funds remaining on date of filing of petition: | |
| 6. Total amount of services and expenses this reporting period: | |
| 7. Total amount of fees and costs to be paid this period (80% of Fees and 100% of costs) | |
| 8. Balance of funds remaining for next reporting period: | $ |

DETAILED DOCUMENTATION SUPPORTING THE PROFESSIONAL FEES EARNED AND THE EXPENSES INCURRED DURING THIS REPORTING PERIOD HAS BEEN SERVED ON THE UNITED STATES TRUSTEE. 100% OF THE FEES AND 100% OF THE COSTS WILL BE WITHDRAWN FROM THE TRUST ACCOUNT IN THE AMOUNT STATED IN ITEM 7 ABOVE UNLESS AN OBJECTION IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE PROFESSIONAL NAMED ABOVE WITHIN 10 DAYS FROM THE DATE OF SERVICE OF THIS STATEMENT.

| | |
|---|---|
| 9. Total number of pages attached hereto: | |

The above is a true and correct statement of fees earned and expenses incurred during the indicated reporting period.

Dated: June 13, 2008

Type Name: Chris Tapia                Signature

_____

## PROFESSIONAL MONTHLY FEE STATEMENT (Page 1 of 2)

| In re:<br>STEAKHOUSE PARTNERS INC., a Delaware corporation,<br><br>Debtor | Case No. 08-04147-11, Jointly administered with 08-04152 and 08-04153 |
| --- | --- |

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court at whose direction the service was made; I am over the age of 18 and not a party to the within action; and my business address is as follows:

On June 13, 2008, I served the foregoing PROFESSIONAL MONTHLY FEE STATEMENT on the interested parties at their last known addresses in this action by placing a true and correct copy thereof in a sealed envelope with first class postage thereon fully prepaid in the United States Mail at Los Angeles, California, addressed as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 13, 2008

Print Name: Chris Tapia                          Signature

---

**PROFESSIONAL MONTHLY FEE STATEMENT (Page 2 of 2)**

*Signed by Judge James W. Meyers July 17, 2008*

# EXHIBIT B

Signed by Judge James W. Meyers July 17,2008

Attorney or Professional Name, Address, Telephone and FAX
Julia W. Brand, Esq. (SBN: 121760), jbrand@linerlaw.com
Enid M. Colson, Esq. (SBN: 189912), ecolson@linerlaw.com
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA

In re:

STEAKHOUSE PARTNERS INC., a Delaware corporation,

Debtors.

☒ Affects Debtors, Steakhouse Partners, Inc., Paragon Steakhouse Restaurants, Inc., and Paragon of Michigan, Inc.

Case No. 08-04147-11, Jointly administered with 08-04152 and 08-04153

**Revised Monthly Fee Statement**

Number:
Month of: _____, 2008

| | |
|---|---|
| 1. Name of Professional: | |
| 2. Date of entry of order approving employment of the professional: | |
| 3. Total amount of pre-petition payments received by the professional: | |
| 4. Less: Total amount of pre-petition services rendered and expenses: | |
| 5. Balance of funds remaining on date of filing of petition: | |
| 6. Total amount of services and expenses this reporting period: | |
| 7. Total amount of fees and costs to be paid this period (80% of Fees and 100% of costs) | |

DETAILED DOCUMENTATION SUPPORTING THE PROFESSIONAL FEES EARNED AND THE EXPENSES INCURRED DURING THIS REPORTING PERIOD HAS BEEN SERVED ON THE UNITED STATES TRUSTEE. 80% OF THE FEES AND 100% OF THE COSTS WILL BE WITHDRAWN FROM THE TRUST ACCOUNT IN THE AMOUNT STATED IN ITEM 7 ABOVE UNLESS AN OBJECTION IS FILED WITH THE CLERK OF THE COURT AND SERVED ON THE PROFESSIONAL NAMED ABOVE WITHIN 10 DAYS FROM THE DATE OF SERVICE OF THIS STATEMENT.

| | |
|---|---|
| 8. Total number of pages attached hereto: | |

The above is a true and correct statement of fees earned and expenses incurred during the indicated reporting period.

Dated: June 13, 2008

Type Name: Chris Tapia                    Signature

---

### REVISED PROFESSIONAL MONTHLY FEE STATEMENT (Page 1 of 2)

*Signed by Judge James W. Meyers July 17, 2008*

| In re:<br>STEAKHOUSE PARTNERS INC., a Delaware corporation,<br><br>Debtor | Case No. 08-04147-11, Jointly administered with 08-04152 and 08-04153 |
| --- | --- |

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California, in the office of a member of the bar of this Court at whose direction the service was made; I am over the age of 18 and not a party to the within action; and my business address is as follows:

On June 13, 2008, I served the foregoing REVISED PROFESSIONAL MONTHLY FEE STATEMENT on the interested parties at their last known addresses in this action by placing a true and correct copy thereof in a sealed envelope with first class postage thereon fully prepaid in the United States Mail at Los Angeles, California, addressed as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 13, 2008

Print Name Chris Tapia                                    Signature

---

REVISED PROFESSIONAL MONTHLY FEE STATEMENT (Page 2 of 2)

*Signed by Judge James W. Meyers July 17,2008*

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024-3503. On June 18, 2008, I served the within document(s) described as:

4

5    **NOTICE OF MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE**

6    on the interested parties in this action as stated on the attached mailing list.

7    [X]    (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing contained in affidavit.

8

9

10

11    [X]    (BY E-MAIL) By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

12

13    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

14

15    Executed on June 18, 2008, at Los Angeles, California.

16    _____          /s/ Christine Tapia
     Christine Tapia                                              
17    (Type or print name)                          (Signature)

18

19

20

21

22

23

24

25

26

27

28

1

0078506/001/397105v01

## MASTER SERVICE LIST

Combined Service List for First Day Motions in

*In re Steakhouse Partners, Inc., In re Paragon Steakhouse Restaurants, Inc.,*

*and In re Paragon of Michigan Inc.*

**Debtor in Possession Via U. S. Mail**
Susan Schulze-Claasen
Steakhouse Partners, Inc.
10200 Willow Creek Road
San Diego, California 92131

**United States Trustee – Via U. S. Mail**
United States Trustee
United States Department of Justice
402 West Broadway, Suite 600
San Diego, CA 92101
Mary.m.testerman@usdoj.gov
Facsimile: 619-557-5339

**Secured Creditor Class 4 Creditor Trust – Via Email & U. S. Mail**
Sharon Weiss, Esq.
Weinstein, Weiss & Ordubegian LLP
1925 Century Park East, Suite 1150
Los Angeles, CA 90067
Facsimile: 310-203-8110
Email: sweiss@wwolawyers.com

**Class 4 Creditor Trust Trustee – Via U. S. Mail**
Scott Avila Trustee
c/o CRG Partners
11835 West Olympic Blvd, Suite 705E
Los Angeles, CA 90064

**Secured Creditor Roto-Rooter Plumber – Via Email & U. S. Mail**
Rotoco, Inc., d/b/a Roto-Rooter Plumber
c/o William g. Short, Esq.
Myers, Widders, Gibson, Jones & Schneider LLP
P. O. Box 7209
Ventura, CA 93006
mwgjs@mwgjs.com

### Request for Special Notice

**Request for Special – Via Email & U. S. Mail**
Challenge Dairy Products, Inc.
Ruth Elin Auerbach, Esq.
711 Van Ness Ave., Suite 440
San Francisco, CA 94102
attorneyruth@sbcglobal.net
Telephone: (415) 673-0560
Facsimile: (415) 673-0562

**Counsel for James Watt– Via Email & U. S. Mail**
H Christopher Hittig
44 Montgomery Street, Suite 3780
San Francisco, CA 94104
Christopher @hittig.com
Telephone: (415) 362-9536
Facsimile: (415) 362-9530

2

0078506/001/ 397105v01

*Signed by Judge James W. Meyers July 17, 2008*

**Request for Special Notice – Attorneys for Central Meat and Provision – Via Email & U. S. Mail**

Drew L. Lyman, Esq.
Lyman & Potente, APLC
2635 Camino Del Rio South, Suite 201
San Diego, CA 92108
dlyman@lymanpotente.com
Telephone: (619) 299-2399
Facsimile: (619) 299-2398

**Request for Special Notice – Attorney for Mountain Jacks in Acme Michigan and Counsel for Charters – Isabella Bank – Via Email**

Richard W. Labowe, Esq.
Labowe, Labowe & Hoffman, LLP
1631 W. Beverly Blvd., 2nd Floor
Los Angeles, CA 90026
Llhlaw1631@aol.com
Telephone: (213) 250-9800 Ext: 103
Facsimile: (213) 975-1145

**Request for Special Notice - General Produce Co., Ltd. – Via U. S. Mail**

Daniel A. McDaniel, Esq.
Professional Law Corporations
235 East Weber Avenue
P.O. Box 1461
Stockton, CA 95201-1461
damplc@pacbell.net
Telephone: (209) 465-5883

**Request for Special – Via Email & U. S. Mail**

Mark Edward Bradshaw, Esq.
Shulman Hodges & Bastian LLP
26632 Towne Centre Dr., #300
Foothill Ranch, CA 92610
mbradshaw@shbllp.com
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

**Request for Special Notice – Attorneys for AFCO Acceptance Corporation – Via U. S. Mail**

Elissa D. Miller, Esq.
Sulmeyer Kupetz
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, CA 90071
emiller@sulmeyerlaw.com
Telephone: (213) 626-2311
Facsimile: (213) 629-4520

**20 Largest Unsecured Creditors- In re Steakhouse Partners**

**Via U. S. Mail**

Mason Matthies
RR Donnelley Recievables, Inc.
4350 La Jolla Village Drive, Suite 300
San Diego, CA 92122

**Via U. S. Mail**

Officer, Managing or General Agent
PR Newswire
GPO Box 5897
New York, NY 10087

**Via U. S. Mail**

Chief Executive Officer
Accounts Receivable Department
Corporate Trust Center
Delaware Secretary of State
1209 Orange Street
Wilmington, DE 19801

**Counsel for Marv T. Levin - Via Email & U. S. Mail**

James E. Kroetch
Attorney at Law
3230 Greenhills Drive
Lafayette, CA 94549
Jek12345@comcast.net
Telephone: (925) 478-3346
Facsimile: (925) 478-3359

3

0078506/001/ 397105v01

*Signed by Judge James W. Meyers July 17,2008*

1

2

3

### 20 Largest Unsecured Creditors Common to In re Steakhouse Partners & Paragon of Michigan

4

**Via Email**
Christopher Forrester
Morrison / Foerster LLP
PO Box 60000
San Francisco, CA 94160-2497
cforrester@mofo.com
Facsimile:  858-720-5125
       12531 High Bluff Drive, #100
       San Diego, CA 92014

**Via Email**
Mitchell C. Littman
Littman Krooks LLP
655 Third Avenue
New York, NY 10017
mlittman@littmankrooks.com
Telephone:  (212) 490-2990

5

6

7

8

9

10

### 20 Largest Unsecured Creditors of Paragon of Michigan

11

**Via U. S. Mail**
Charles L. Robinson
Critical Capital Growth Fund, LP
90 Park Avenue, 31st Floor
New York, NY. 10016

**Via U. S. Mail**
Richard L. Sandler
Rewards Network (f/n/a Idine)
Two North Riverside Plaza, Suite 950
Chicago, IL 60606

12

13

14

**Request for Special Notice - Attorneys for Central Meat and Provision – Via Email & U. S. Mail**
Drew L. Lyman, Esq.
Lyman & Potente, APLC
2635 Camino Del Rio South, Suite 201
San Diego, CA  92108
Telephone:  (619) 299-2399
Facsimile:  (619) 299-2298

**Via Email & U. S. Mail**
Richard J. Froehlich
c/o of Jeff Davis, Esq.
Mintz Levin Cohn Ferris Glovsky & Pope
3580 Carmel Mountain Road, Suite 300
San Diego, CA  92130
jadavis@mintz.com
Telephone:  (858) 314-1503
Facsimile:  (858) 314-1501

15

16

17

18

19

**Landlord for Sandy, UT & Glendale, AZ – Via Email & U. S. Mail**
Realty Income Corp.
Joseph H. Huston, Jr.
Stevens & Lee, P.C.
Suite 700, 1105 North Market Street
Wilmington, DE 19801
Direct Dial: 302-425-3310
Direct Fax: 610-371-7972
jhh@stevenslee.com

**Via U. S. Mail**
Attention:  Joan
US Foodservice, Inc. Chicago
Box 98612
Chicago, IL. 60693-8612

20

21

22

23

24

25

26

27

28

4

0078506/001/ 397105v01

1  **Landlord for Oceanside, CA – Via U. S. Mail**
   Jack Star
2  Attn:  Jack Star
   1405 Fuerte Heights Ln.
3  El Cajon, CA 92019
   Telephone:  (619) 401-8900
4

5  **Via U. S. Mail**
6  Mary Vouti
   Southwest Traders, Inc.
7  27711 Diaz Road
   Temecula, CA. 92590
8

9  **Via U. S. Mail**
   Terri O'Neal
10 Blue Shield of California
   1210 Commerce Ave, Ste #4
11 Woodland, CA. 95776-9021

12

13

14 **Via U. S. Mail**
   John Carnesale
15 National Retail Properties, Inc.
   450 S. Orange Ave, Ste. 900
   Orlando, FL. 32801

16

17

18

19

20

21

22

23

24

25

26

27

28

**Via U. S. Mail**
Peter M. Gilhuly
Latham & Watkins
633 W. 5th Street, Suite 4000
Los Angeles, CA. 90071
peter.gihuly@lw.com
Facsimile:  213-891-8763

**Via U. S. Mail**
Robert Ernst
Ernst Luce California LLC
12401 Helena Street
Los Angeles, CA. 90049

**Counsel for Audie Dudum - Via U. S. Mail**
Rami S. Shamieh, Esq.
Law Offices of A. Nick Shamiyeh
2221 Olympic Blvd., Suite 100
Walnut Creek, CA 94595
tel. 925-935-9401
fax 925-935-9407
cell 650-224-1366

**Via U. S. Mail**
Denise Russel
Gary A. Yeomans Revocable Living Trust
611 Industrial Parkway
Imlay City, MI. 48444-0369

5

*Signed by Judge James W. Meyers July 17, 2008*

| | |
|---|---|
| 1 | Official Committee of Unsecured Creditors |
| 2 | |

**Via U. S. Mail**
Jim Balis, Pres.
The Restaurant Management Group
2913 Whidden Street
Boise, ID 83702
Facsimile: (877) 590-3929

**Attorneys for Central Meat and Provision – Via U.S.Mail**
Drew L. Lyman, Esq.
Lyman & Potente, APLC
2635 Camino Del Rio South, Suite 201
San Diego, CA 92108
dlyman@lymanpotente.com
Telephone: (619) 299-2399
Facsimile: (619) 299-2398

**Tippecanoe Place LLC – Via Email & U. S. Mail**
c/o Judy Tsai, Esq
Law Office of Judy Tsai
101 Metro Drive, Ste. 250
San Jose, CA 95110
judytsai1@aol.com
Telephone: (408) 441-7800, Est. 209
Facsimile: (408) 441-7302

6

0078506/001/397105v01

*Signed by Judge James W. Meyers July 17,2008*