| | |
|---|---|
| 1 | ADAM A. LEWIS (BAR NO. 88736) |
|   | ALewis@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
|   | 425 Market Street, 32nd Floor |
| 3 | San Francisco, California  94105-2482 |
|   | Telephone: 415.268.7000 |
| 4 | |
|   | Attorneys for Administrative Expense |
| 5 | Claimant SUSAN SCHULZE-CLAASEN |

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| In re | Case No.  08-4147-JM |
|---|---|
| STEAKHOUSE PARTNERS, INC., et al, | [Jointly Administered with Case Nos. 08-04152-JM7 and 08-04153-JM7] |
| Debtors. | Chapter   7 |
| | RESPONSE TO CLASS IV TRUSTEE'S OPPOSITION TO REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE BY SUSAN SCHULZE-CLAASEN |
| | Date:   NA |
| | Time:   NA |
| | Place:  Hon. James W. Meyers |
| | Department 5 (Room 318) |
| Affects all debtors. | |

SCHULZE-CLAASEN RESPONSE RE:  OPP. TO
REQUEST FOR PAYMENT OF ADMIN. EXP.
sf-3009342

1  Susan Schulze-Claasen ("Ms. Schulze-Claasen") hereby responds to the Class IV
2  Trustee's Opposition to Request for Payment of Administrative Expense by Susan Schulze-
3  Claasen and Joseph Wulkowizc (the "Opposition").

4  In the Opposition, T. Scott Avila, as Trustee (the "Creditor Trustee") of the Class IV
5  Creditor Trust asserts that the Request for Payment of Administrative Expense by Susan Schulze-
6  Claasen (the "Request") should be denied because he did not set a hearing on it and that Ms.
7  Schulze-Claasen no longer can set a timely hearing.  The Creditor Trustee also makes substantive
8  objections to the Request.

9  The Opposition is misplaced.  This Court's Order Approving Chapter 7 Trustee's Ex Parte
10 Motion Setting Chapter 11 Administrative Claims Bar Date only set a deadline for *filing* requests
11 for payment of administrative expenses in these chapter 7 cases, a deadline that Ms. Schulze-
12 Claasen met.  It did not set a deadline for a hearing on requests for payment of administrative
13 expenses (the "Cases") of former debtors and debtors in possession Steakhouse Partners, Inc.,
14 Paragon Steakhouse Restaurants, Inc., and Paragon of Michigan, Inc.

15 Indeed, the absence of such a deadline makes eminent sense in the context of the Cases.
16 As the Court and interested parties know, there is little or no unencumbered cash available for the
17 payment of administrative expenses of the chapter 11 phase of the Cases at the moment.
18 Currently, the chapter 7 trustee, Mr. Kennedy (the "Trustee") is engaged in litigation with the
19 Creditor Trustee over whether the estates can surcharge the funds subject to the Creditor
20 Trustee's lien for some of the chapter 11 expenses of administration.  Until and unless the Trustee
21 succeeds in that litigation, it makes little sense for the parties to incur the costs of litigation such
22 items as requests for the payment of administrative expenses or for the Court to devote its
23 resources to any such litigation, for there will be no money to pay those expenses.  It does,
24 however, make sense for the Trustee to know the general scope of the chapter 11 expenses of
25 administration to help him make such decisions as whether and at what level to contemplate
26 settlement of his litigation with the Creditor Trustee.  Hence, Ms Schulze-Claasen understood the
27 absence from the Order of any requirement for setting a hearing on her Request to be deliberate.
28

SCHULZE-CLAASEN RESPONSE RE:  OPP. TO
REQUEST FOR PAYMENT OF ADMIN. EXP.                1
sf-3009342

1 | If and when the Creditor Trustee's substantive objections to the Request become relevant – that
2 | is, if the Trustee frees up some of the funds encumbered by the Creditor Trustee's lien – Ms.
3 | Schulze-Claasen will set a hearing on her Request and respond to the Creditor Trustee's
4 | substantive objections

Dated: June 17, 2011

ADAM A. LEWIS
MORRISON & FOERSTER LLP

By: /s/ Adam A. Lewis
ADAM A. LEWIS

Attorneys for Administrative Claimant
Susan Schulze-Claasen

SCHULZE-CLAASEN RESPONSE RE:OPP. TO
REQUEST FOR PAYMENT OF ADMIN. EXP.
sf-3009342

2